## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| Amy Lynn P., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:20-cv-50513 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant.* | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Amy Lynn P. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her applications for disability insurance benefits. The parties have filed cross motions for summary judgment [16], [23]. For the reasons set forth below, Plaintiff's motion for summary judgment [16] is granted, and the Commissioner's motion for summary judgment [23], is denied. The final decision of the Commissioner denying benefits is reversed and remanded.

## BACKGROUND

### A. Procedural History

In September 2014, Plaintiff filed an application for disability insurance benefits, alleging a disability beginning on July 27, 2012. R. 15; R. 1514. Following a hearing in July 2017, an administrative law judge ("ALJ") issued a decision in December 2017, finding that Plaintiff was not disabled. R. 15–25. Plaintiff's request for review was denied by the Appeals Council in October 2018. R. 1. In August 2019, Plaintiff's appeal to this Court was disposed of as an agreed remand for further administrative proceedings. R. 1583-84. The Appeals Council vacated the final decision and remanded Plaintiff's case to an ALJ for a new hearing. R. 1591-92. A new hearing was held on July 29, 2020. R. 1514. Plaintiff appeared and testified at that hearing and was represented by counsel. An impartial vocational expert also appeared and testified. *Id.* The ALJ subsequently issued an unfavorable decision on September 1, 2020. R. 1514-21.

Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's motion for summary judgment [16] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [23]. Plaintiff has also filed a reply [26].

B.  The ALJ's Decision

In his ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act.  *See* 20 C.F.R. § 404.1520(a)(4).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of July 27, 2012, through her date last insured of December 31, 2017. R. 1516. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, and residuals of left shoulder dysfunction. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 1519.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to lift or carry up to 20 pounds occasionally and 10 pounds frequently, and no limitations in the total amount of time she would be able to sit, stand, or walk throughout an 8-hour workday. Plaintiff would need to alternate her position between sitting, standing, and walking for no more than five minutes out of every hour and would not need to be off task. She could occasionally climb ramps and stairs, and occasionally stoop, kneel, balance, crouch, and crawl, but could never climb ladders, ropers or scaffolds. Plaintiff should not perform repetitive rotation, flexion, or extension of her neck and could flex her neck 15 degrees and could extend 10 degrees. Her ranges of lateral neck rotation and flexion were normal. Plaintiff should never reach overhead with either extremity. Plaintiff is not impaired in her ability to reach forward and in all other directions up to 75% of full extension. Therefore, she was not limited in her ability to work at a desk or benchtop. She could occasionally reach from 75 to 100% of full extension in all directions and could only bear minimal weight while doing so. Plaintiff could perform fine and gross manipulation frequently but not constantly and was incapable of forceful grasping or torquing. Plaintiff was not capable of working where she would be exposed to excessive vibration, either in the form of driving on unpaved surfaces, or using vibrating hand tools. Plaintiff was limited to working in non-hazardous environments, such as no driving at work, operating moving machinery, working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery. Plaintiff was further limited to simple, routine tasks. R. 1519-20. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. R. 1529. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. R. 1530. If limited to light work, Plaintiff would be able to perform the tasks of a recreational aide, or a ticket taker. If limited to sedentary work, Plaintiff could perform the tasks of an order clerk, or a charge account clerk. *Id*. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from July 27, 2012, the alleged onset date, through December 31, 2017 the date last insured.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moore v. Colvin, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." Warnell v. O'Malley, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." Bakke v. Kijakazi, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also Warnell, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." Gedatus v. Saul, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." Jeske v. Saul, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that a remand is appropriate because the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence, including the ALJ's subjective symptom evaluation.[1] Because the Court finds error with the ALJ's subjective symptoms analysis, the ALJ's decision is reversed and remanded.

Plaintiff argues that the ALJ failed to articulate the reasoning behind his RFC determinations as required by Social Security Ruling 96-8p. Specifically, Plaintiff argues that the ALJ: (1) did not explain the basis for the conclusion that Plaintiff could frequently handle and

---

[1] Plaintiff also argues that the appointment of the Commissioner of the Social Security Administration, who is removable only for cause and serves a term longer than that of the President (see 42 U.S.C. § 902(a)(3)), represents a violation of the Separation of Powers and, therefore, the decision by an ALJ and Appeals Court judges in this case – who derive their authority from the Commissioner – is constitutionally defective. Plaintiff cites to Seila Law LLC v. CFPB, 140 S.Ct. 2183 (2020), to support her position that the Administration's structure is unconstitutional. However, as this and other circuits have held numerous times since Seila, a "failure to show that any injury resulted from this allegedly invalid delegation of authority makes this argument a nonstarter." Michelle S. v. Kijakazi, No. 21 CV 2577, 2022 WL 4551967, at *6 (N. D. Ill. Sept. 29, 2022). See also Cheryl T. v. Kijakazi, No. 20 C 6960, 2022 WL 3716080, at *4 (N.D. Ill. Aug. 9, 2022) (plaintiff must show "that the unconstitutional removal provision actually caused her harm in some direct and identifiable way"). Here, Plaintiff has not identified any harm suffered other than the denial of benefits. Therefore, the Court finds this constitutional argument without merit.

3

finger; (2) did not properly evaluate Plaintiff's alleged need to lie down; and relatedly (3) did not address why Plaintiff's severe headache symptoms (including the need to lie down) were or were not supported by the record. [16], pp. 3-10. Accordingly, Plaintiff argues that a remand is required because "the ALJ's decision lacks the required analysis or the narrative statement on how he arrived at his [RFC] conclusions." Id. at 10.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." Jarnutowski v. Kijakazi, 48 F.4th 769, 774 (7th Cir. 2022) (quoting Lothridge v. Saul, 984 F.3d 1227, 1233 (7th Cir. 2021)).

In her brief, Plaintiff argues the RFC is not supported by substantial evidence in three different physical limitation ways – handling and fingering, need to lie down/fatigue, and headaches. Because the Court finds that the ALJ failed to properly assess Plaintiff's subjective symptoms as to her need to lie down during the workday, the Court remands on that issue and sets aside any conclusions on the other claims.

Plaintiff argues that the ALJ did not properly evaluate her need to lie down. Plaintiff stated she had to lie down multiple times a day, needed ice packs on her neck while resting, had to lie down because of headaches and pain, and had to rest after carrying out household activities. See R. 53-55. Plaintiff states that the ALJ erred by acknowledging Plaintiff's need to lie down, but then failing to conclude whether that need was supported by the record.

In his decision, the ALJ acknowledged Plaintiff's symptoms regarding her allegations that she needed to lie down during the day. Specifically, the ALJ mentioned this alleged limitation twice in his decision. First, where analyzing Plaintiff's hearing testimony, the ALJ noted that "[Plaintiff] testified that she takes frequent naps, 2-3 times per day and sleeps 30-60 minutes." R. 1527. Second, where setting out details from the medical source statement, the ALJ remarked "Dr. Lubenow opined in July 2020 that the claimant could walk less than 1 block and then need[ed] to lie down, sit for 15 minutes (less than 1 hours in an 8 hour workday)…" R. 1528. Although not in the ALJ's decision, the medical source statement further noted that Plaintiff's need to lie down during the day was based on fatigue, pain, and stress. R. 2169. The ALJ found that these "extreme limitations" were inconsistent with the medical record. While the ALJ's decision goes on to specify how Dr. Lubenow's own treatment records failed to support Plaintiff's alleged limitations, the decision does not provide examples in the record, or discuss in any meaningful way, Plaintiff's alleged need to lie down. The decision does discuss, in some detail, evidence in Plaintiff's medical record regarding Plaintiff's limitations stemming from her degenerative disc disease and left shoulder disfunction, such as difficulties with range of motion and strength. However, it fails to include any actual evaluation of Plaintiff's need to lie down.

When assessing a claimant's subjective symptoms, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or

symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); Social Security Ruling 16-3p, 2017 WL 5180304, at *5-8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). However, an ALJ's decision may be reversed if the ALJ "fail[s] to adequately explain his [] credibility finding by discussing specific reasons supported by the record." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015); *see also Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (a credibility finding "must be specific enough to enable the claimant and a reviewing body to understand the reasoning."). Mere boilerplate language is not sufficient to discount subjective symptoms but rather, "the ALJ must set forth specific reasons." *Gedatus v. Saul*, 994 F.3d at 900 (internal citations omitted). "Furthermore, the ALJ may not discredit a claimant's testimony about [his] pain and limitations solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *see also* S.S.R. 96-7p.

The Commissioner argues that Plaintiff is "mistaken" as to her position that the ALJ did not state whether her need to lie down was consistent with the medical record. The Commissioner does not, however, point to where the ALJ supplied specific reasons supported by the record for discrediting Plaintiff's allegations that she needed to lie down during the workday. The Commissioner cannot do this because the ALJ failed to address what evidence he relied on to discount Plaintiff's testimony. As a result, the ALJ did not build a logical bridge between the evidence and his conclusion that Plaintiff's testimony was not credible. *See Villano v. Astrue*, 556 F.3d at 562 (ALJ must "build a logical bridge between the evidence and his conclusion that [Plaintiff's] testimony was not credible"); *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (The ALJ must "build the accurate and logical bridge from the evidence to her conclusion so that, we as a reviewing court, [can] assess the validity of her ultimate findings and afford [Plaintiff] meaningful judicial review."). The ALJ provided no analysis beyond a simple two sentence acknowledgement and boilerplate language of the symptoms being "not entirely consistent" with the evidence in the record. The ALJ did not adequately explain his conclusion that Plaintiff's testimony was not credible or that the medical evidence contradicted Plaintiff's position. This cursory analysis does not convince the Court that there is substantial evidence to support the ALJ's decision to discount Plaintiff's reported subjective symptoms regarding her need to lie down during the workday and its impact.

In remanding this case, the Court is not opining that Plaintiff is disabled, only that the ALJ's decision to credit or discount Plaintiff's subjective symptoms was not adequately supported. Plaintiff has raised other arguments as to the ALJ substantial evidence review, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [16] is granted, and the Commissioner's motion for summary judgment [23], is denied. The final decision of the Commissioner denying benefits is reversed and remanded. Final judgment will be entered accordingly.

Date: November 18, 2024                    Enter: _Margaret J. Schneider_
                                                  United States Magistrate Judge